# EXHIBIT A

Charles D. Caraway/SBN: 289360
THE CARAWAY LAW FIRM
980 9TH Street, 16th Floor
Sacramento, CA 95814
Tel: (916) 449-9551
ccaraway@thecarawaylawfirm.com

FILED
Superior Court Of California,
Sacramento
09/09/2014
amocanu
By_____, Deputy
Case Number:
34-2014-00168754

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| LEWIS MUIR,<br><br>Plaintiff,<br><br>vs.<br><br>UC DAVIS; ELIZABETH DAVID M.D.; PAUL PERYY, M.D.; MEGAN DALY, M.D.; and DOES 1-100.<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES |

BY FAX

## COMPLAINT

COMES NOW the Plaintiff, Lewis Mulr ("Plaintiff"), by his attorney, Charles D. Caraway of The Caraway Law Firm, hereby files this Complaint against Defendant's, UC Davis; Elizabeth David M.D., and Does 1-100 ("Defendant(s)") and in support thereof states as follows:

### PARTIES

1. Plaintiff, Lewis Muir, is an individual and is now, and at all times mentioned in this complaint consents to jurisdiction in the County of Sacramento.

2. The Defendant, UC Davis is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California with a business located in Sacramento County, California; located at 2315 Stockton Boulevard, Sacramento, CA 95817. For purposes of this legal claim, the aforementioned location is the principle place of business in which

1  the allegations contained in this complaint occurred.

2  3. The Defendant, Elizabeth David, M.D. is an individual and is now, and at all times
3  mentioned in this complaint is employed by or through UC Davis Hospital, located in the County
4  of Sacramento.

5  4. The subject incident for which this complaint is based are the medical treatment and
6  procedures for which he underwent at UC Davis Medical Center located in the County of
7  Sacramento.

8  5. Defendant, Megan Daly, M.D. is an individual and is now, and at all times
9  mentioned in this complaint is employed by or through UC Davis Hospital, located in the County
10 of Sacramento.

11 6. Defendant, Paul Perry, M.D. is an individual and is now, and at all times mentioned
12 in this complaint is employed by or through UC Davis Hospital, located in the County of
13 Sacramento.

14 7. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as
15 Does 1-100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will
16 amend this complaint to allege their true names and capacities when ascertained. (Plaintiff is
17 informed and believes and thereon alleges, that each of the fictitiously named defendants is
18 negligently responsible in some manner for the occurrences herein alleged, and that plaintiff's
19 injuries as herein alleged were proximately caused by that negligence.

20                              **FACTS**

21 8. On or about June of 2013, plaintiff was advised that he had cancerous tissue
22 throughout his body, to include his lungs and his right 6th rib.

23 9. Plaintiff was advised by defendants that as part of his treatment for his cancer he
24 would undergo a surgical procedure; wherein, and as a part of, his sixth rib would be removed.

25 10. On or about October 7, 2013, plaintiff underwent the surgery performed by
26 defendants.

27 11. Defendants removed a rib from plaintiff's body, and thereafter reported that the rib
28

removed was the plaintiff's right 6th rib.

12. In fact, defendant's had removed plaintiff's 5th rib, and had left plaintiff's cancerous 6th rib still inside his body.

13. Defendant's conducted tests of the removed rib and found no signs of cancerous tissue. In accordance with this knowledge defendants treated plaintiff's cancer.

14. Several months after the October surgery, defendants realized they had removed the wrong rib, and that the cancerous 6th rib remained in plaintiff, and had caused the cancer to spread throughout plaintiff's body.

15. Plaintiff underwent a subsequent surgery to remove the cancerous 6th rib several months after the October 2013 surgery. During this subsequent surgery the correct rib was removed.

16. Plaintiff had several medical complications related to the subsequent surgery, resulting in a near death incident, the prognosis that he would expire within the week to the next several weeks, and the decision to discontinue all cancer treatment.

17. Plaintiff has since returned home and waits for his inevitable death.

## CLAIMS

### FIRST CAUSE OF ACTION
(Medical Malpractice-All Defendants)

A. FIRST COUNT (Negligence)

18. Plaintiff refers to Paragraphs 1 through 25, inclusive, and incorporates them herein.

19. At all times mentioned in this complaint, defendants were a facility, physicians, surgeons, or a medical facility duly licensed to practice medicine and perform surgery in California, with offices in Sacramento County, California. At all times mentioned, defendants held themselves out to possess that degree of skill, ability, and learning common to medical practitioners in that community.

20. Defendants Elizabeth David, M.D.; Paul Perry, M.D.; and Megan Daly, M.D. are, and at all times mentioned were, the agents and employees of defendant U.C. Davis, and in doing

the things alleged in this complaint were acting within the scope of that agency:

21. Plaintiff is ignorant of the true names and capacities of defendant sued herein as DOES 1-100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is negligently responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by such negligence.

22. On or about October of 2013, plaintiff consulted defendants as physicians seeking their advice as to whether plaintiff should undergo surgery to remove cancerous tissue from his body.

23. Defendants advised plaintiff he should undergo sugery to remove cancerous tissue to include a rib that showed up on radiological exams as having cancerous tissue.

24. Plaintiff agreed and consented to have defendants perform such surgery on plaintiff for the express purpose of removing the cancer from his chest cavity, and to specifically remove the rib containing the cancerous tissue.

25. On or about October 7, 2014, defendant, Elizabeth David, M.D., assisted by defendant Paul Perry, M.D., using radiological exams administered and examined by Megan Daly, M.D.; performed a surgery to remove the rib containing cancerous tissue.

26. In conducting the operation defendant failed to exercise reasonable care and skill possessed by other medical practitioners in their community and negligently and improperly removed the wrong rib from plaintiff; therefore leaving in the rib containing the cancerous tissue.

27. Defendant's further failed in discovering their error until several months after the surgery.

28. As a proximate result of defendant's negligence, plaintiff's cancer continued to spread throughout his body.

29. As a further proximate result of defendant's negligence plaintiff was subjected to a subsequent surgery several months after the first. This surgery resulted in an infection, which

contributed to plaintiff's inability to continue chemotherapy, leading to a prognosis that plaintiff had only a few weeks to several months at best before he would expire.

30. This additional surgery came at a substantial cost to plaintiff, the amount to be proved at trial.

31. Prior to and until Defendant's negligent and failed surgery, plaintiff was advised that his cancer was treatable, and was given a favorable prognosis of recovery.

32. As a further proximate result of defendant's negligence, and by reason of plaintiff's negligent and failed surgery, plaintiff was advised that he would die as a result of the spread of the cancer. This premature death will result in plaintiff not being able to enjoy the golden years of his life with his family, nor will he be able to enjoy life in any manner.

B. SECOND COUNT (Negligent Nondisclosure)

33. Plaintiff refers to Paragraphs 1 through 32, inclusive, and incorporates them herein.

34. At all times herein mentioned defendants negligently failed to inform plaintiff of the surgical procedure performed on his person, nor that it could result in the removal of the incorrect rib.

35. Without being informed that such possibility existed and that the operation was not fully reliable, plaintiff failed to use protective devices that would have avoided the removal of the incorrect rib.

C. THIRD COUNT (Negligent Misrepresentation)

36. Plaintiff refers to Paragraphs 1 through 35, inclusive, and incorporates them herein.

37. Sometime thereafter plaintiff's October 7, 2013 surgery, defendants carelessly and negligently represented that plaintiffs cancerous rib had been successfully removed.

38. Such representations were untrue, and defendants knew or, in exercising reasonable care and skill possessed by other medical practitioners in his community, should have known that they were untrue.

39. Plaintiff relied on such representations by defendant and engaged in cancer treatment in accordance with the misrepresentation by defendants.

## SECOND CAUSE OF ACTION
(Battery- ELIZABETH DAVID M.D.; PAUL PERRY, M.D.;
MEGAN DALY, M.D.; and DOES 1-100.)

40. Plaintiff refers to Paragraphs 1 through 39, inclusive, and incorporates them herein.

41. Defendant at all times herein mentioned failed to inform plaintiff of the surgical procedures that would result in the removal of the incorrect rib.

42. In failing to properly advise plaintiff or to inform plaintiff of the procedures that would result in the removal of the incorrect rib, defendant deprived plaintiff of the opportunity to choose whether plaintiff would have consented to the removal of the incorrect rib.

43. Had plaintiff been properly advised and informed, he would not have consented to the procedures that would result in the removal of the incorrect rib, and any consent given by plaintiff as to the operation performed on her by defendant did not constitute a knowledgeable or informed consent and such operation constituted a battery on plaintiff's person.

44. As a proximate result of such battery, plaintiff's cancerous was allowed to remain in his person, the cancer spread to a degree that resulted in a medical prognosis of plaintiff's death from the cancer, a subsequent surgery to remove the correct rib, an infection from the subsequent surgery that resulted in plaintiff's inability to continue cancer treatment, and caused plaintiff to suffer great pain and discomfort during what remains of his life.

45. As a further proximate result of defendant's battery plaintiff, several months after the October 7, 2013 surgery, plaintiff underwent a subsequent surgery to correct the negligence and battery that occurred in the first. This subsequent surgery caused plaintiff to suffer and incur medical, hospital, and surgical costs to be proved at trial.

## THIRD CAUSE OF ACTION
(Breach of Contract-All Defendants)

46. Plaintiff refers to the following Paragraphs 1-45, inclusive, and incorporates them herein.

47. On or about October of 2013, plaintiff and defendants entered into an agreement wherein defendant agreed to remove plaintiff's cancerous rib by a surgical operation in return for

1 | which plaintiff agreed to pay to defendants the amount for their services. Defendants, as physicians
2 | surgeons, medical providers, and a medical facility, represented to plaintiff that they possessed the
3 | ordinary training and skill possessed by physicians, surgeons, medical providers, and facilities
4 | practicing in the community and agreed that they would use such training, care, and skill in treating
5 | plaintiff and in performing the agreed surgery.

6 |     48. Defendant breached such agreement by failing to remove plaintiff's cancerous rib,
7 | and by removing the incorrect rib of plaintiff and by failing to use such training, care, and skill in
8 | treating and operating on plaintiff as herein alleged.

9 |     49. Plaintiff has performed all of the conditions and things on his part to be performed
10 | under the agreement and has paid to defendant the amount of the medical costs for the surgery,
11 | and, as a proximate result of defendant's breach of contract as herein alleged, has been damaged in
12 | that sum.

13 |     50. As a proximate result of defendant's breach of contract, plaintiff's cancerous rib
14 | remained in his body causing his cancer to continue to grow, causing plaintiff to undergo a
15 | subsequent surgery to correct this negligent action, and resulted in plaintiff being advised he was
16 | terminal due to the spread of the cancer. Plaintiff has suffered damages in that he has incurred
17 | hospital and other incidental expenses in undergoing the aforementioned sterilization operation, all
18 | to plaintiff's further damage to be proved at trial.

19 |     51. As a further proximate result of defendant's breach of contract, plaintiff has suffered
20 | additional damages in that she has incurred medical, hospital, and surgical costs and fees in
21 | undergoing treatment for his subsequent surgery and recovery.

22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 |

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, for the following as follows:

1. For general damages; past, present and future, according to proof;
2. For special damages; past, present and future, according to proof;
3. For medical and related expenses; past, present, and future, according to proof;
4. For Loss of Companionship, affection, and services;
5. For damage to personal property according to proof;
6. For costs of suit herein incurred;
7. For Attorney's Fees; and
8. For such other and further relief as the court may deem proper.

By: _____
Charles D. Carraway
Attorney for Plaintiff